THE CITY OF DETROIT v. J. W. DONOVAN, CIRCUIT JUDGE OF WAYNE COUNTY.

JUDGMENT—ENTRY OF *NUNC PRO TUNC*—INTEREST FROM DATE OF VERDICT.

Relator applied for *mandamus* to compel the respondent to vacate a judgment in a personal injury case entered *nunc pro tunc* for the amount of the verdict, a year and a half after its rendition. An order to show cause was granted, and on February 26, 1895, after a hearing on petition and answer, the writ was granted.

*John J. Speed*, for relator, contended:

1. That the verdict was rendered March 12, 1894; that on September 23, 1895, without notice to the attorney for the defendant, and without any other reason excepting that the attorney for the plaintiff asked for it, respondent directed a judgment to be entered as of March 12, 1894; that there is no pretense that the court had ever directed a judgment to be entered or that any application had been made for a judgment prior to September 23, 1895.

2. That the entry of the judgment *nunc pro tunc* was apparently for the purpose:

*a*—Of recovering interest in an action of tort from the date of the verdict.

*b*—Of preventing the issuance of a writ of error by antedating the judgment more than a year.

3. That it is only on verdicts entered in suits upon contracts, express or implied, that interest can be allowed in making up the amount of the judgment;

citing How. Stat. § 1598; that to date back the judgment was the same as though interest had been computed and allowed up to the date of the actual entry of the judgment; that there is no authority for the entry of a judgment *nunc pro tunc* in order to accomplish such a result, nor is it any apology for the action of the court to say that the plaintiff was entitled to a judgment if it had been ordered at the date as of which judgment was entered *nunc pro tunc*; that he was not in fact entitled to a judgment until he applied for it and paid the judgment fee; citing Act No. 259, Local Acts of 1883, nor was he entitled to it until the court had made an order that the same be entered; that the entry of judgments and decrees *nunc pro tunc* is considered at length in Frem. Judg. chap. 3.

*B. T. Prentis*, for respondent, contended that the writ must be denied because:

1. The petition fails to show what the application to the respondent was, or what evidence was before him, hence this Court does not know the grounds of respondent's action, or why he ruled as he did, and therefore cannot say that he was wrong, much less that he abused his discretion; citing *Powers v. Circuit Judge*, 30 Mich. 387; *Jones v. Circuit Judge*, 34 Mich. 373; *McCarthy v. Circuit Judge*, 36 Id. 274; *Insurance Co. v. Circuit Judge*, 79 Id. 241; *O'Brien v. Chambers*, 97 Id. 607; *Hitchcock v. Circuit Judge*, 97 Id. 614, and note.

2. Whatever the showing was before the respondent, it was not properly before him, and he would have had no right, against our objection, even to hear the motion, much less to grant it. The plaintiff duly objected to the hearing of the motion because:

*a*—The affidavit upon which the motion was founded was not correctly entitled in the cause; citing *Whipple v. Williams*, 1 Mich. 115.

*b*—The notice referred to the affidavit for the grounds of the motion, but, as there was no affidavit, that was not sufficient even if otherwise it would have been so.

*c*—Circuit Court Rule No. 29 requires a motion to be entered in the motion book. The notice in this case simply shows that the motion has been filed, which is not a compliance with the rule, and as the objection was made in due season there was no waiver.

The respondent returned:

"That the plaintiff appeared at said hearing, and objected thereto because the motion, notice, and affidavit upon which the defendant claimed to have the motion heard were not entitled in said case; that the grounds of said motion were not properly set out under Circuit Court Rule No. 29, and that the motion did not appear to have been entered in the motion book, but only filed; that said notice, motion, and affidavit were entitled '*Josephine State v. The City of Detroit;*' that said motion set forth as the grounds on which it was founded only that it was based upon the files and records in said cause, and the affidavit of John J. Speed, hereto attached, and that the said motion did not set forth that it had been entered in the motion book, but that it had been filed. EDITOR.]

3. *Mandamus* is not the proper remedy in this case because:

*a*—The matter was addressed to the discretion of the respondent, and that discretion was not abused.

*b*—The defendant had another remedy by writ of error, nor will the Court relieve it if such remedy has been lost by its own fault or default, delay, negligence, or carelessness. Under this head should be considered the fact found by the respondent that defendant authorized and approved the judgment as it was.

4. The circuit court had a right to enter this judgment at the time and as it did, and, if so, it would be unheard of "in the history of judicial proceedings" to compel that court to set it aside.

5. Justice will be best subserved by allowing the judgment to stand. The respondent returns that he found that the verdict was a small one, and that it was right and just to plaintiff that it should bear interest from the time when he would have entered it but for the false record.

6. If defendant has lost its remedy by writ of error, it is because of the action of the corporation counsel in neglecting to file assignments of error, or to have the judgment entered, and return made, or to have return made after judgment instead of which he dismissed his writ. The return would have brought up a judgment actually entered after the return day of the writ, but dated and taking effect before that time, and any objection would have been met with the conclusive answer that plaintiff himself was responsible for any irregularity that appeared, and this Court would not have dismissed the writ; citing *McCahill v. Railway Co.*, 96 Mich. 156, 160.

The facts as established by the answer of the respondent were:

*a*—That on March 12, 1894, a verdict for $3,000 was rendered in the Wayne circuit court in favor of Thomas State, administrator of the estate of Josephine State, deceased, and against relator in a personal injury case; that under date of March 28, 1894, an entry appears on the calendar of said court of "Judgment entered" in said case; that on June 4, 1894, costs were taxed upon stipulation of the attorneys, in which taxation no charge was made in favor of plaintiff for the judgment fee.

*b*—That the time in which to settle a bill of exceptions was several times extended on motion of the defendant; that on October 10, 1894, a bill of exceptions was settled, signed, and filed in the case; that on February 26, 1895, a writ of error, returnable April 6, 1895, was issued; that on September 23, 1895, judgment was duly entered *nunc pro tunc* as of March 28, 1894, there having been no entry of judgment in the journal of the court before that time.

*c*—That the verdict was a small one for the injury sustained; that it was right and just that the same should bear interest; that this point was considered when judgment was entered; that plaintiff acted in good faith in the matter and was misled by the said calendar entry, and would have entered judgment himself at date of said entry had he not been misled thereby; that it is not uncommon in the practice of said circuit court that the defeated party pays the judgment fee and enters the judgment against himself.

*d*—That the defendant delayed to move in the case from the date of the writ of error until December 31, 1895, when the motion to vacate said judgment was made; that about December 4, 1895, plaintiff had given notice of a motion to dismiss said writ of error for want of prosecution, no return having been made or assignments of error filed; that said motion was never heard; that defendant's attorney had, before the making of said motion to vacate said judgment, voluntarily dismissed said writ, not for the reason that it had been prematurely issued, but that no return had been made or assignments of error filed; that the grounds upon which said motion to dismiss was based were good and valid, and the defendant was guilty of laches in the prosecution of its appeal.

*e*—That the attorney for the defendant not only knew that plaintiff was about to apply for judgment, but advised him to do so; that on October 1, 1895, plaintiff's attorney informed defendant's attorney that said judgment had been entered; that defendant's attorney took no steps in the matter until more than three months thereafter; that he acquiesced in what had been done; that from said advice and delay and acquiescence he authorized and approved said judgment as it was entered; that it is not the practice in said circuit court for the prevailing party to give notice to the other party when he enters judgment.

*f*—That defendant must have known at least as early as October 10, 1894, when the bill of exceptions was settled, that no judgment had been entered; that defendant's attorney knew on June 4, 1894, when the costs were taxed that plaintiff made no claim for the judgment fee, and therefore that he had not paid it nor entered judgment himself; that as a matter of fact plaintiff did not know that judgment had not been entered until September 1, 1895, when his attorney was so informed by defendant's attorney; that there was then some talk of settlement between said attorneys; that plaintiff acted with reasonable diligence, under the circumstances, in entering said judgment.

*g*—That the petition for *mandamus* does not set forth the showing made before respondent upon the motion to vacate said judgment.

[Respondent submitted as matter of law that the action complained of should not be inquired into, as the papers and showing upon which he based said action were not before the Court; that said action was a matter of discretion with him, and that under the circumstances

said discretion should not be reviewed in this proceeding. EDITOR.]

### MOTION TO MODIFY ORDER.

A motion to modify the order vacating the judgment so as to allow it to stand as of the date when it was actually entered was denied. In a *per curiam* opinion found in 66 N. W. Rep. 667, the Court say:

"The claim is made that unless the order is modified so as to allow it to stand as of the date it was actually entered, plaintiff will lose his interest on the judgment from the date of the verdict to the time of the entry of the judgment. We see no difficulty in the securing of the interest in the entry of a new judgment."

[Judgment by consent was entered April 6, 1896, with interest from date of original judgment entry. EDITOR.]